IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEXTER J. DANIELS,** | Case Number 1:14 CV 1460 |
| Petitioner, | Judge Benita Pearson |
| v. | Magistrate Judge James R. Knepp, II |
| **KIMBERLY CLIPPER,** | |
| Respondent. | REPORT AND RECOMENDATION |

### INTRODUCTION

*Pro se* Petitioner Dexter Daniels ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Kimberly Clipper ("Respondent") filed a Motion to Dismiss (Doc. 10) with attached exhibits, and Petitioner filed an Opposition (Doc. 13). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated December 24, 2014). For the reasons discussed below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

On August 1, 1989, Petitioner pled guilty to aggravated murder with felony murder specifications as charged in the first and fifth counts of the indictment and to aggravated burglary with felony murder specifications as charged in the third and seventh counts of the indictment.[1] The prosecution entered a *nolle prosequi* to counts two, four, six, and eight. On that same day, Petitioner was sentenced to a term of life imprisonment with twenty full years of incarceration

---

1. Respondent did not produce the transcript of Petitioner's guilty plea because they have been advised it was most likely destroyed pursuant to the court's record retention policy.

before parole possibility for the aggravated burglary and to a term of life imprisonment with 30 full years of incarceration for the aggravated murder to be served consecutively along with other terms of incarceration to be served concurrently. Petitioner's aggregate sentence is life with 50 full years of incarceration. (Ex. 8, Doc. 10).

According to the docket, nothing pertinent occurred from August 1, 1989, when Petitioner pled guilty and was sentenced, until May 29, 2004, when certain fees were collected. (Ex. 8, Doc. 10). Thereafter nothing occurred until February 21, 2014, when Petitioner filed a *pro se* motion for counsel and notice of appeal. (Ex. 8, Doc. 10). The appeal was dismissed *sua sponte* three days later on February 24, 2014. (Ex. 8, Doc. 10). The time between August 1, 1989, when Petitioner pled guilty and was sentenced, and February 21, 2014, when Petitioner filed his motion for appointment of counsel and *pro se* notice of appeal is 8,869 days or 24 years, six months, and nineteen days.

**PROCEDURAL BACKGROUND**

The procedural history was accurately summarized in Respondent's brief; therefore, it is incorporated herein with only minor changes. (Doc. 10, at 3-7).

*State Trial Court*

On April 6, 1989, a Cuyahoga County Grand Jury indicted Petitioner on four counts of aggravated murder with felony murder specifications, two counts of aggravated burglary, and two counts of aggravated robbery. (Ex. 1, Doc. 10). Upon his arraignment, Petitioner pled not guilty to all counts. (Ex. 2, Doc. 10).

On July 7, 1989, a Cuyahoga County Grand Jury indicted Petitioner on four counts of aggravated burglary and three counts of theft in a separate case. (Ex. 3, Doc. 10). Upon his arraignment, Petitioner pled not guilty to all counts. (Ex. 4, Doc. 10).

On August 1, 1989, Petitioner, represented by counsel, withdrew his plea of not guilty in the first case, and entered a plea of guilty to two counts of aggravated murder with felony murder specifications and two counts of aggravated burglary with felony murder specifications as charged in the first, third, fifth, and seventh counts of the indictment. (Ex. 5, Doc. 10). In the second case, Petitioner, represented by counsel, pled guilty to aggravated burglary in counts one and two of the indictment. (Ex. 6, Doc. 10). The court entered a *nolle prosequi* to the remaining counts. (Ex. 6, Doc. 10). On August 1, 1989, the trial court ordered Petitioner to serve an aggregate sentence of life imprisonment with 50 full years of imprisonment before eligibility for parole. (Exs. 6-9, Doc. 10).

*Motion for Delayed Appeal*

On February 21, 2014, Petitioner, *pro se*, filed an appeal and a motion for delayed appeal of his conviction and sentence received August 1, 1989. (Exs. 10-11, Doc. 10). In his motion for delayed appeal, Petitioner stated that, "[t]he trial court failed to inform Defendant-Appellant of his appellate rights under Rules of Criminal Procedure, Rule 32, including the right to counsel." (Exs. 10-11, Doc. 10). Three days later, on February 24, 2014, the state court of appeals denied Petitioner's motion for a delayed appeal. (Ex. 12, Doc. 10). The state court on the same date dismissed Petitioner's appeal *sua sponte*. (Ex. 13, Doc. 10). On April 22, 2014, Petitioner filed a motion for a date-stamped copy of the court of appeals' judgment. (Ex. 14, Doc. 10). The Eighth District Court of Appeals denied Petitioner's motion. (Ex. 15, Doc. 10). The court noted in its journal entry as follows: "The post card mailed by the clerk's office is sufficient and [sic] notification of this court's ruling. The court does not issue separate date-stamped copies of its rulings." (Ex. 15, Doc. 10).

There are no records of an appeal to the Ohio Supreme Court. (Ex. 16, Doc. 10).

*Post-Conviction Relief*

On March 21, 2014, Petitioner, *pro se*, filed with the Cuyahoga County Court of Common Pleas a petition for post-conviction relief and requested an evidentiary hearing. (Ex. 17, Doc. 10). In his petition to vacate or set aside the sentence, Petitioner set forth the following claims:

> **Claim Number One**
> Statement of constitutional claim: During sentencing the trial court failed to inform petitioner that he had a constitutional right to appeal, and a constitutional right to appointment of appellate counsel during said appeal, under Crim.R.32(B).
>
> Short statement of facts supporting the claim: Petitioner had a total lack of knowledge of his right to file a direct appeal: until very recently informed by this by an inmate law clerk: whereas petitioner then immediately filed a "Motion for Leave to File Delayed Appeal" on February 21, 2014 – the court of appeal denied such on February 28, 2014.[2]

(Ex. 17, Doc. 10). The State in response filed a motion for summary judgment. (Ex. 18, Doc. 10). On May 2, 2014, the trial court denied Petitioner's petition to vacate or set aside judgment of conviction or sentence in both cases as untimely filed. (Ex. 19, Doc. 10).

### FEDERAL HABEAS CORPUS

On July 2, 2014, Petitioner filed the instant Petition for a writ of habeas corpus challenging his 1989 judgment of conviction by raising the following grounds for relief:

> **GROUND ONE**: Convicted Defendant wasn't given his right to appeal.
>
> > **Supporting Facts**: Defendant's Constitutional Rights under the sixth and fourteenth amendments were violated when he was not given the right to appeal by reason of his lack of knowledge of his right and the failure to his counsel or the court to advise him of his right to appeal with the aid of counsel.
>
> **GROUND TWO**: Convicted Defendant's right to file a Jurisdictional Appeal to the State's highest court was dwarfed when the court of appeals refused to provide pro se appellant with the required: date stamped copy of

---

2. In his motion for leave to file delayed appeal, Petitioner claimed that a law clerk informed him of an appeal right on November 6, 2013. (Ex. 11, Doc. 10).

the court of appeals opinion and judgment entry being appealed, containing the panels' signatures.

> **Supporting Facts**: Defendant filed a timely 'Jurisdictional Appeal…' with the only post-card dated copy of the court of appeals opinion' provided: but the Ohio Supreme Court refused to accept said for filing because said opinion did not contain a file date stamp.

**GROUND THREE**: Convicted Defendant was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution when the trial court accepted defendant's plea of guilty before informing defendant of the constitutional rights defendant would be waiving by entering a guilty plea.

> **Supporting Facts**: The trial court failed to inform defendant of his constitutional right to have witnesses testify in his own defense, and that he would be waiving that right by entering a guilty plea. Because had defendant been made aware of his right he would have not entered [sic] a guilty plea and would have elected to have a jury trial: where defendant would have had witnesses called, and subpoenaed if necessary, to testify about defendant's family history of epilepsy and major bouts of schizophrenia.

**GROUND FOUR**: Convicted Defendant was denied effective assistance of trial counsel where attorney failed to adequately investigate his history of mental illness prior to pressuring the defendant into entering a guilty plea.

> **Supporting Facts**: Defendant, and members of defendant's family, has a long history of schizophrenia and epilepsy. And defendant had been proscribed [sic], and was taking, psychotropic drugs at the time of his alleged participation of the crimes that he was induced to plead guilty to and also at the time that he changed his plea from not guilty to guilty.

(Doc. 1).

## JURISDICTIONAL BAR

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court

5

convictions. 28 U.S.C. §2244(d). Under 28 U.S.C. § 2244(d)(1), the limitations period begins to run from the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Here, Petitioner's conviction became final on September 1, 1989 – 30 days after his conviction and the expiration of the period to seek direct appeal. However, since Petitioner's conviction predated the enactment of AEDPA, any petition for writ of habeas corpus would be considered timely if it was filed before April 24, 1997. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999), *vacated on other grounds*. Petitioner failed to file any petition. Further, his more recent attempts to appeal his conviction do not serve to toll the limitations period because it has long since expired. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *see also Allen v. Yurkins*. Thus, his instant Petition is not timely pursuant to § 2244(d)(1)(A).

The only other applicable provision of § 2244(d)(1) is section (D), which allows for the statute of limitations period to begin running upon discovery of the "factual predicate" of the claim. A petitioner has the burden of persuading the court that he has exercised due diligence in the search for the factual predicate of his claim. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th

Cir. 2002) (unpublished) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). However, "merely alleg[ing] that the applicant did not actually know the facts underlying his…claim does not pass this test", *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997), rather a petitioner must pursue at least a reasonable investigation into his potential claims. *Poole v. Woods*, 2011 WL 4502372, n.11 (E.D. Mich). *See also McClesky v. Zant*, 499 U.S. 467, 497 (1991); *Johnson v. Dretke*, 442 F.3d 901, 910 (5th Cir. 2006). *Frazer v. Sec'y, Dept. of Corr.,* 2013 WL 5526698, at 2 (M.D. Fla).

      Here, assuming the right to appeal is considered a "factual predicate" which is in doubt; it is evident that Petitioner did not pursue a reasonable investigation into this right. Petitioner claims to have learned of his right to appeal on November 6, 2013, from an inmate law clerk. (Doc. 13, at 2). However, had Petitioner consulted anyone or any legal informational text during his 24 years of incarceration it would have been apparent he had the right to appeal – or at the very least would have caused Petitioner to inquire further as to his specific circumstances. Even considering Petitioner's supposed ignorance, the statute of limitations can begin to run when a reasonable person would have discovered those facts. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("federal statutes use objective indicators as triggers" for statute of limitations purposes); *see also Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) (finding reasonable people can exercise due diligence on the date of sentencing through simple inquiry). Further, Petitioner's failure to recognize the legal significance of this right does not excuse his failure to assert these claims sooner. *See Owens*, 235 F.3d at 359 ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's factual predicate, not recognition of the facts' legal significance…Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

Considering a reasonable person, the ease of discovering a right to appeal, the length of time between conviction and Petition, and Petitioner's frankly unbelievable claim, this Court finds the Petitioner did not prove he diligently pursued the factual predicates of his claims. Thus, he did not meet the requirements of proving § 2244(d)(1)(D) applied to his grounds for relief.

Absent equitable tolling, the Petition is untimely.

*Equitable Tolling*

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005)(*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)). Petitioner bears the burden of proving an entitlement to equitable tolling. *See Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

To be eligible for equitable tolling, a petitioner must prove "1) that he has been pursuing his rights diligently; and 2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005). In the extreme circumstance, a petitioner can prove his entitlement to equitable tolling through a showing of actual innocence under the "miscarriage of justice" standard. *Schlup v. Delo*, 513 U.S. 298 (1995). In these cases, a credible showing of actual innocence operates to excuse procedural bars that would prevent a habeas petition. *See Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

Here, the length of time that has passed since Petitioner's conviction, 24 years, weighs against any finding of diligence. As discussed above, the relative ease of discovering the right to appeal a conviction belies any claim that Petitioner was unaware of it for more than two decades. Further, Petitioner did not even raise grounds three and four in his attempted appeal and petition

8

for post-conviction relief from the state. Ground four raises claims of mental illness, a fact Petitioner admits he was aware of at the time of his sentencing. His failure to raise these claims in over 24 years demonstrates a lack of due diligence. Petitioner has made no showing of actual innocence but only challenges the information provided to him at the time of the guilty plea, facts that will never be known because of the passage of time and the lack of court record. As such, Petitioner has failed to satisfy his burden in proving his entitlement to equitable tolling and therefore, the Court recommends his Petition be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Regardless of the potential merits of Petitioner's claims, his lack of due diligence has rendered a merits determination impossible. Furthermore, he has not proven an entitlement to excuse the jurisdictional bars inherent to a claim that is over twenty years old. Following review, and for the reasons stated above, the Court recommends the Petition be dismissed.

s/James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).