PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEXTER J. DANIELS,                    )
                                      )     CASE NO. 1:14CV01460
            Petitioner,               )
                                      )
     v.                               )     JUDGE BENITA Y. PEARSON
                                      )
KIMBERLY CLIPPER,                     )
                                      )
            Respondent.               )     **MEMORANDUM OF OPINION AND**
                                      )     **ORDER** [Resolving ECF Nos. 10 and 15]


     *Pro se* Petitioner Dexter J. Daniels ("Petitioner") filed a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), asserting four grounds for relief which

challenge his conviction in the Cuyahoga County Court of Common Pleas.  ECF No. 1.  The case

was referred to Magistrate Judge James R. Knepp, II for a Report and Recommendation pursuant

to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  Respondent Warden Kimberly Clipper

("Respondent") filed a motion to dismiss (ECF No. 10).  Petitioner filed an opposition to

Respondent's motion to dismiss (ECF No. 13).  The Magistrate Judge subsequently issued a

Report and Recommendation (ECF No. 14).  In his report, the Magistrate Judge recommends that

the Court dismiss the petition as time-barred under 28 U.S.C. § 2244.  Petitioner timely filed an

Objection to the Magistrate Judge's Report (ECF No. 15).  After reviewing the objection, the

Court hereby adopts the Report and grants Respondent's motion to dismiss (ECF No. 10), for the

reasons that follow.

(1:14CV01460)

## I. Factual and Procedural Background

On August 1, 1989, Petitioner, represented by counsel, retracted his former not guilty plea and pled guilty to aggravated murder with felony murder specifications as charged in the first and fifth counts of the indictment, and as to aggravated burglary with felony murder specifications as charged in the third and seventh counts of the indictment. The prosecution entered a *nolle prosequi* to counts two, four, six, and eight. On that same day, Petitioner was sentenced to a term of life imprisonment with 20 years of incarceration before parole possibility for the aggravated burglary, and to a term of life imprisonment with 30 years of incarceration for the aggravated murder to be served consecutively along with other terms of incarceration to be served concurrently. Petitioner's aggregate sentence is life with 50 years of incarceration before parole eligibility. ECF No. 10-2 at PageID #: 98-99.

According to the docket, nothing of litigative pertinence occurred from August 1, 1989, when Petitioner pled guilty and was sentenced, until May 29, 2004, when certain fees were collected. *See id.* at PageID #: 102. Similarly, nothing of litigative pertinence occurred until February 21, 2014, when Petitioner filed a *pro se* motion for counsel and notice of appeal. *See id.* at PageID #: 102. The appeal was dismissed *sua sponte* three days later on February 24, 2014. *See id.* at PageID #: 102. The time between August 1, 1989, when Petitioner pled guilty and was sentenced, and February 21, 2014, when Petitioner filed his motion for appointment of counsel and *pro se* notice of appeal, is 8,869 days or 24 years, six months, and nineteen days.

2

(1:14CV01460)

### A.  Motion for Delayed Appeal

On February 21, 2014, Petitioner, *pro se*, filed an appeal and a motion for delayed appeal of his August 1, 1989 conviction.  ECF No. 10-2 at PageID #: 107, 112.  As his reason for failing to timely file an appeal, Petitioner stated in the motion for delayed appeal that "[t]he trial court failed to inform Defendant-Appellant of his appellate rights under Rules of Criminal Procedure, Rule 32, including the right to counsel." *Id.* at PageID #: 115.  Petitioner claims he "did not even become aware that he had a right to appeal, and a right to appellate counsel, until an inmate law clerk worker infor[m]ed him of this right [] on or about November 6, 2013." *Id.* at PageID #: 116.  Three days after filing the appeal, on February 24, 2014, the Eighth District Court of Appeals denied Petitioner's motion for a delayed appeal and dismissed the appeal *sua sponte*. *Id.* at PageID #: 120-21.  On April 22, 2014, Petitioner filed a motion for a date-stamped copy of the court of appeals' judgment. *Id.* at PageID #: 123.  The court of appeals denied the motion, stating that "[t]he post card mailed by the clerk's office is sufficient and [sic] notification of this court's ruling.  The court does not issue separate date-stamped copies of its rulings." *Id.* at PageID #: 124.

There is no record of an appeal to the Ohio Supreme Court. *See id.* at PageID #: 125-28.

### B.  Post-Conviction Relief

On March 21, 2014, Petitioner, *pro se*, filed with the Cuyahoga County Court of Common Pleas a petition for post-conviction relief and requested an evidentiary hearing.  ECF No. 10-2 at PageID #: 129-32.  In this petition to vacate or set aside judgment of conviction or sentence, Petitioner set forth the following claim:

3

(1:14CV01460)

**Claim Number One**
<u>Statement of constitutional claim:</u> During sentencing the trial court failed to inform petitioner that he had a constitutional right to appeal, and a constitutional right to appointment of appellate counsel during said appeal, under Crim.R.32(B).

<u>Short statement of facts supporting the claim:</u> Petitioner had a total lack of knowledge of his right to file a direct appeal: until very recently informed by this by an inmate law clerk: whereas petitioner then immediately filed a "Motion for Leave to File Delayed Appeal" on February 21, 2014 – the court of appeal denied such on February 28, 2014.

ECF No. 10-2 at PageID #: 131.  The State filed a motion for summary judgment in response to the petition.  *Id.* at PageID#: 137-142.  On May 2, 2014, the trial court denied Petitioner's petition to vacate or set aside judgment of conviction or sentence as untimely filed.  *Id.* at PageID #: 143.

## II.  Petition for Federal Habeas Corpus

On July 2, 2014, Petitioner filed the instant Petition for a Writ of Habeas Corpus challenging his 1989 judgment of conviction by raising the following grounds for relief:

**GROUND ONE**: Convicted Defendant wasn't given his right to appeal.

**Supporting Facts**: Defendant's Constitutional Rights under the sixth and fourteenth amendments were violated when he was not given the right to appeal by reason of his lack of knowledge of his right and the failure to his counsel or the court to advise him of his right to appeal with the aid of counsel.

**GROUND TWO**: Convicted Defendant's right to file a Jurisdictional Appeal to the State's highest court was dwarfed when the court of appeals refused to provide pro se appellant with the required: date stamped copy of the court of appeals opinion and judgment entry being appealed, containing the panels' signatures.

**Supporting Facts**: Defendant filed a timely 'Jurisdictional Appeal . . .' with the only post-card dated copy of the court of appeals opinion' provided: but the Ohio Supreme Court refused to accept said for filing because said opinion did not contain a file date stamp.

4

(1:14CV01460)

**GROUND THREE**: Convicted Defendant was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution when the trial court accepted defendant's plea of guilty before informing defendant of the constitutional rights defendant would be waiving by entering a guilty plea.

> **Supporting Facts**: The trial court failed to inform defendant of his constitutional right to have witnesses testify in his own defense, and that he would be waiving that right by entering a guilty plea. Because had defendant been made aware of his right he would have not entered [sic] a guilty plea and would have elected to have a jury trial: where defendant would have had witnesses called, and subpoenaed if necessary, to testify about defendant's family history of epilepsy and major bouts of schizophrenia.

**GROUND FOUR**: Convicted Defendant was denied effective assistance of trial counsel where attorney failed to adequately investigate his history of mental illness prior to pressuring the defendant into entering a guilty plea.

> **Supporting Facts**: Defendant, and members of defendant's family, has a long history of schizophrenia and epilepsy. And defendant had been proscribed [sic], and was taking, psychotropic drugs at the time of his alleged participation of the crimes that he was induced to plead guilty to and also at the time that he changed his plea from not guilty to guilty.

ECF No. 1. The Magistrate Judge issued a Report recommending dismissal of the Petition as time-barred. ECF No. 14.

### III. Standard of Review for a Magistrate Judge's Report and Recommendation

A district court reviews *de novo* objections to a Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b)(3). A district judge

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

5

(1:14CV01460)

## IV.  Law and Analysis

Petitioner lodges specific objections only as to the Magistrate Judge's disposition of ground one of his Petition—that he was not informed of his right to an appeal and to have the aid of counsel on appeal.  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006) ("general objections" do not serve the purposes of Fed. R. Civ. P. 72(b)).  He contends that "the [M]agistrate [Judge] failed to properly determine the legal aspect(s) pertaining to several [] constitutional mandates involving the knowing, voluntary, intelligent waiver."  ECF No. 15 at PageID #: 189.  Petitioner argues that "the [Magistrate Judge improperly] . . . focused his attention on the fact(s) that (1) [the] [P]etition was filed beyond the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1); (2) [Petitioner]'s lack of due diligence rendered a merits determination impossible."  ECF No. 15 at PageID #: 15.

Petitioner's argument is unpersuasive because the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") required the Magistrate Judge to assess the timeliness of the Petition before reaching the merits of Petitioner's claims.  The Court now analyzes the timeliness of the Petition *de novo*.

### A.  AEDPA Statute of Limitation

The AEDPA provides that a one-year statute of limitation applies to a state prisoner's federal habeas petition.  28 U.S.C. § 2244(d).  The limitation period runs from the latest of the following:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

6

(1:14CV01460)

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Petitioner's conviction became final at the expiration of the time for seeking direct review (*i.e.*, within 30 days after his conviction), on September 1, 1989.  However, "[f]or a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."  *Wood v. Milyard*, 132 S.Ct. 1826, 1831 (2012).  Therefore, Petitioner's time for filing a federal habeas petition began to run on the date of the AEDPA's enactment, April 24, 1996, and expired on April 24, 1997.  Petitioner did not file the instant Petition until July 2, 2014, more than seventeen years after the statute of limitation expired.

Petitioner is unable to satisfy § 2244(d)(1)(A).

### (i) Discovery of the Factual Predicate

The Court turns to the only other applicable provision of this threshold AEDPA inquiry—§ 2244(d)(1)(D).  Pursuant to this section, the AEDPA's one-year statute of limitation "runs from 'the date on which the factual predicate of the claim . . . could have been discovered,' but only if the petitioner through due diligence alleges newly discovered evidence."  *Scarber v.*

(1:14CV01460)

*Palmer*, 808 F.3d 1093, 1097 (6th Cir. 2015).  "[T]he petitioner bears the burden of proving that he exercised due diligence." *Johnson v. United States*, 457 Fed.App'x. 462, 468 (6th Cir. 2012).

Petitioner asks the Court to believe that he did not become aware of his right to a direct appeal until 2013—more than 24 years after his conviction and sentencing—when an inmate law clerk informed of this right.  Aside from the implausibility of this claim, "[t]he time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim *could have been discovered through the exercise of due diligence*, not when it was actually discovered by a given petitioner." *Hibbler v. Romanowski*, 2015 WL 1954477, at *3 (E.D. Mich. April 29, 2015) (emphasis added); *see also* *McSwain v. Davis*, 287 Fed.App'x. 450, 454 (6th Cir. 2008) (reading the requirement of due diligence under § 2244(d)(1)(D) to mean "reasonable diligence").  Had Petitioner conducted a reasonable investigation, he would have discovered a right as basic as that to a direct appeal long before more than two decades in state custody had passed.

Furthermore, as Respondent properly notes, it is questionable whether this predicate is indeed factual.  *See* ECF No. 10 at PageID #: 73 ("The proposition [Petitioner] seeks to advance is a legal proposition that he could have learned about on the day of his sentencing with due diligence. *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) ("Regardless of when Serrano and Villanueva assert they learned of the MSR [(mandatory supervised release)], they could have learned of it on the day they were sentenced had they used due diligence.").").

Petitioner is unable to satisfy § 2244(d)(1)(D).

(1:14CV01460)

### B.  Equitable Tolling

The equitable tolling doctrine "may serve to save an otherwise untimely petition if 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control' . . . ." *Eberle v. Warden, Mansfield Correctional Inst.*, 532 Fed.App'x. 605, 612 (6th Cir. 2013).  To be eligible for equitable tolling, a petitioner must show "'(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Also, in the extremely rare case, a petitioner can prove he is entitled to equitable tolling by making a credible showing of actual innocence. *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012) (citation omitted).

The length of time between Petitioner's conviction and his attempt to appeal demonstrates that he did not act with diligence in pursuing his rights.  Petitioner presents no argument that some "extraordinary circumstance" prevented a timely appeal.  Petitioner does not attempt to make a showing of actual innocence.  As the magistrate judge notes, Petitioner merely challenges the information provided to him when he pled guilty.  ECF No. 14 at PageID#: 184. Petitioner is not eligible for equitable tolling.

Petitioner's contention that "all perceived delay and lack of diligence must be fully imputed to the State of Ohio" (ECF No. 15 at PageID #: 189)  is unsupported.  The AEDPA clearly imposes a duty on those in custody to act diligently in attempting to address alleged constitutional violations underlying their convictions.  Furthermore, as the Respondent states, Petitioner's failure to pursue his claims with diligence has rendered a merits determination

9

(1:14CV01460)

impossible. *See* ECF No. 10 at PageID #: 78 ("[R]espondent is advised that the transcript [of Petitioner's guilty plea] is probably not available because of the lapse of time since Petitioner's guilty plea in 1989 and because Petitioner never appealed in the first instance.").

### V. Conclusion

For the reasons stated above, the Court hereby overrules Petitioner's Objection (ECF No. 15) and adopts the Report and Recommendation (ECF No. 14).  Accordingly, Respondent's motion to dismiss (ECF No. 10) is granted, and Dexter J. Daniels' Petition for a Writ of Habeas Corpus is dismissed as time-barred.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 February 29, 2016                           /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge

10